(No. 2629— ▮▮▮▮▮▮)

John A. Paluchowski, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed June 3, 1937.*

Joseph S. Perry, for claimant.

Otto Kerner, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant was employed as a laborer in the Highway Department of the State of Illinois, his duties being that of a cement finisher. On November 20, 1934 he was given a piece of lumber 2x2, 18 inches long to cut in half. The road crew had a hand saw to use for such purposes but claimant chose to go to a nearby milling company which operated a power saw, and there attempted to saw the stick. In doing so the saw struck the second finger on his left hand, and

claimant contends it completely cut off the first phalange thereof. By agreement of counsel the records herein disclose that the claimant appeared at the hearing of this cause, and his finger was measured and that the measurement showed a difference of one-half inch in the length of the injured finger and the corresponding finger on the right hand.

Claimant gave as an excuse for using the power saw that it was much quicker than if he had attempted to use the saw which was available in the road equipment. His foreman, Mr. Vogt, testified that had he used the hand saw it would in his opinion have required about one-half hour to saw the strip in question.

Plaintiff was averaging about One Hundred ($100.00) Dollars per month in wages and he received the sum of Thirty-six and 08/100 ($36.08) Dollars during the time lost by him as a result of his accident. He seeks a further award for temporary total incapacity for the time lost by him as a result of said accident and for the total loss of the first joint of said second finger. At the time of the accident he was married but had no children under the age of sixteen years. The records of the Division of Highways disclose that claimant returned to work January 19, 1935, making a period of temporary total incapacity of eight and one-half (8½) weeks.

It is apparent that claimant in taking the sticks of lumber to the mill company and there attempting to operate a power saw, without any instructions or orders from his superior authorizing him to engage in such work, instead of using the hand saw as was apparently expected of him, was acting without and not within the course of his employment. One employed to work in a certain field of endeavor who departs from that work without authority and engages in a type of work more hazardous, and is injured in such work, is not entitled to an award under the provisions of the Workmen's Compensation Act. The injury to claimant did not arise out of and in the course of claimant's employment.

*Weiss Paper Mill Co.* vs. *Ind. Com.*, 293 Ill. 282.
*Dietzen Co.* vs. *Ind. Bd.*, 279 Ill. 11.

Award is denied and claim dismissed.